For plaintiff: Raymond & Semple.

For defendant: Vance & Vance.

Thomas J. Madden, d/b
as Park Motor Sales
Co., App't
vs.
Helen McHugh
No. 87655.

March 11, 1932.

BLODGETT, P. J. Heard without the intervention of a jury.

Action to recover upon certain promissory notes of defendant.

Notes were in payment of an automobile purchased under a conditional lease.

April 10, 1930, defendant executed a lease. The price of the car is given in the lease as $1,290, the lessee paying $460 at time of sale and delivering six notes for an aggregate sum of $830. Five of these notes were for $50 each and the sixth for $580. The agreement was that the payments were to be $50 a month.

The $580 note due October 10, 1930, was not paid. October 10, 1930, defendant executed a second lease for same car. The price named in the lease is $1,290 and in payment defendant gave twelve notes aggregating $783, being given credit in said lease for $507. The twelve notes dated October 10, 1930, were signed by defendant in blank.

The notes due in October and November were not paid and plaintiff repossessed the car. The car was sold for $645 subsequently and the balance claimed due on the notes is credited with this amount.

The defense is that the original sales-slip was altered by erasing the original figures and inserting higher figures. Plaintiff claims that this was due to the amount charged for financing the sale. This amount was greater than that originally inserted by the salesman who negotiated the sale of the car. Plaintiff claims that this was explained to the defendant when she talked with him in reference to the $580 note, and that a new contract was entered into at that time. (Pltff's Ex. 4.)

The defendant was purchasing this car for her son, who, being a minor, could not execute the contract. Defendant, on October 10, 1930, executed the second contract and signed a series of twelve notes in blank. These notes were filled in as to the amount due by plaintiff and the aggregate amount of the notes corresponded with the price agreed upon in the second contract and with the amended sales slip.

The defendant was honest in her testimony as to her understanding of the contract and that the notes, as same came due, would be for $50 each, as that was all she could pay monthly. Defendant was unacquainted with financial operations incidents to conditional sales and in delivering notes in blank, as she did, no doubt trusted the representations made by plaintiff.

The issue, then, is whether any misrepresentations were made by plaintiff at the time of the execution of the second contract.

At the time of the execution of the second contract, October 10, 1930, the finance charges had been made up, as evidenced by the first series of notes, also signed in blank, and it was owing to a dispute over the note for $580, one of the first series, that led to the interview with plaintiff in October.

The terms of this second contract are plain, and there is no testimony that any change was made in this contract after execution. The price is given as $1,290; defendant is credited with $507; the defendant delivered 12 negotiable notes in blank; these notes aggregate $783; the total of notes and credits aggregate $1,290.

In the original sales slip the Court is satisfied the finance charges were $110 and were changed to $230.48. This would make the account stand as follows:

| | |
|---|---|
| Purchase price of car........ | $1,110.00 |
| Finance charge ............. | 110.00 |
| Amount paid by Madden on note due on Moon car traded in...................... | 22.00 |
| Repossession charge ........ | 25.00 |
| Sundry repairs after repossession....................... | 57.00 |
| | $1,324.00 |

| | |
|---|---|
| Sale of car repossessed. . . . . . . . . | $645.00 |
| Allowance on Moon car traded in. . . . . . | 200.00 |
| 5 notes of $50 paid by defendant. . . . . . . | 250.00 |
| Cash paid by defendant. . . . . . . . . . . . | 60.00 |
| | $1,155.00 1,155.00 |

Balance due on car after repossession. . . . . . . . . . . . . . $169.00

Decision for plaintiff for $169 and interest from date of writ, February 17, 1931, amounting to $10.98, being $179.98.

For plaintiff: George Friedman.

For defendant: W. S. and E. W Flynn.